UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07932 GAF (DTBx) | Date | October 18, 2013 |
|---|---|---|---|
| Title | Ralph J. Gomez v. City of Los Angeles et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

**ORDER RE: DEFICIENT STATEMENT OF GENUINE DISPUTES**

On September 30, 2013, Defendants Arturo Koenig, Zachary Jordan, Ismael David Gonzales, and Lawrence Thompson ("Defendants") filed a Motion for Summary Judgment. (Docket No. 77, [Mot. for Summary Judgment ("Mem.")].) Included with this Motion, as required by Local Rule 56-1, was a Statement of Uncontroverted Facts. (Docket No. 77-1 [Statement of Uncontroverted Facts].) On October 6, 2013, Plaintiff filed his Opposition, as well as a Statement of Genuine Disputes. (Docket No. 79 [Opp. to Mot. for Summary Judgment]; Docket No. 79-1 [Statement of Genuine Disputes ("SGD")].) Plaintiff's Statement of Genuine Disputes does not adequately respond to the Statement of Uncontroverted Facts.

Pursuant to Local Rule 56-2, a party opposing a motion for summary judgment "shall serve and file with the opposing papers a separate document containing a concise 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." C.D. Cal. Loc. R. 56-2. Furthermore, the Court's standing Scheduling and Case Management Order, to which it referred the Parties via text entry on the Docket on August 23, 2012, states that "[t]he opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared." (Scheduling and Case Management Order at 5.) The left hand column "should restate the allegedly undisputed fact, and the right hand column must indicate either undisputed, or disputed." (Id.) At the conclusion of this restatement, Plaintiff "may submit additional material facts . . . [which] shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31)." (Id. at 5–6.)

LINK: 79

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07932 GAF (DTBx) | Date | October 18, 2013 |
|---|---|---|---|
| Title | Ralph J. Gomez v. City of Los Angeles et al. | | |

     However, upon review of the Statement of Genuine Disputes, the Court is unable to determine which of the facts contained in the Statement of Uncontroverted Facts are actually in dispute. Rather than "track the movant's separate statement," (id. at 5), Plaintiff created his own non-compliant statement. Plaintiff's Statement does not address Defendants' Statement, and instead simply presents a partial recounting of Plaintiff's version of the facts at issue, ignoring numerous facts upon which the opposition papers clearly rely. In other words, Plaintiff's Statement includes only "additional material facts," (id.), which instead should have been set forth after responding to Defendants' Statement. Additionally, the Statement of Genuine Disputes fails to detail the evidence supporting Plaintiff's contentions. In many instances, Plaintiff's description of the evidence simply reads, "Circumstantial evidence." (SGD ¶¶ 4–6, 8–11, 15–17, 27.) In others, Plaintiff's evidence appears to be the fact that Defendant has not provided any evidence. (SGD ¶¶ 18–20, 22, 26.)

     In short, Plaintiff's approach has not complied with this Court's Order or Local Rule 56-2, and as a result the Court is unable to discern whether Plaintiff intends to dispute any of the facts set forth in Defendants Statement. The Court will give Plaintiff an opportunity to rectify this deficiency before ruling on Defendants' Motion.

     The Local Rules and the Court's Scheduling and Case Management Order are intended to streamline an inherently burdensome process, and Plaintiff's inability to follow the Local Rules and the Court's Order only cause complication and delay. Accordingly, Plaintiff is **ORDERED** to comply with the aforementioned Local Rules and the Court's Scheduling and Case Management Order by submitting a proper Statement of Genuine Disputes **no later than 5:00 p.m. on Tuesday, October 22, 2013**. **Failure to comply with this Order will be deemed assent to the facts proposed in Defendants' Statement of Undisputed Facts.** The hearing scheduled for October 28, 2013 will remain as scheduled.

     **IT IS SO ORDERED.**